IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

HERBERT SANDERS                 :        CIVIL ACTION
                                :
        v.                      :
                                :
GOVERNMENT OF THE VIRGIN        :
ISLANDS, et al.                 :        NO. 05-18

MEMORANDUM

Bartle, C.J.                                         March 9, 2009

Plaintiff Herbert Sanders instituted this action against the Government of the Virgin Islands and the Virgin Islands Department of Health (the "defendants") to recover damages for his termination as Director of Emergency Medical Services at the Governor Juan F. Luis Hospital. Before the court are the motions of the defendants for judgment on the pleadings, incorrectly denominated motions to dismiss the complaint.[1] They

---

1. The instant motions were filed more than three years after the defendants filed their answer to the complaint. In the answer they raised the defenses of failure to state a cause of action, failure to comply with the Virgin Islands Tort Claim Act, failure to exhaust administrative remedies, and failure to comply with the statute of limitations for the Virgin Islands Whistleblowers Protection Act, among others. Technically, defendants may not file a post-answer motion to dismiss. See Fed. R. Civ. P. 12(b). Many courts, however, treat post-answer motions to dismiss as Rule 12(c) motions for judgment on the pleadings. See e.g. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006); Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 470 (7th Cir. 1997). Some courts treat post-answer motions to dismiss for lack of subject matter jurisdiction as Rule 12(h)(3) motions. See Augustine v. U.S., 704 F.2d 1074, 1075 (9th Cir. 1983). We will treat the defendants' motions as motions for judgment on the pleadings, which are subject to the same standard of review as motions to
(continued...)

have filed seven separate motions, that collectively seek judgment on every count in the complaint.[2]

I.

For present purposes, we accept as true the following facts alleged by the plaintiff as well as all undisputed facts. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  In May, 1999, plaintiff Herbert Sanders was hired by the Virgin Islands Department of Health as the Director of Emergency Medical Services at the Governor Juan F. Luis Hospital.  At the time of his hiring, Sanders was a medical doctor licensed by the State of California.  The qualifications for the position of Director of Emergency Medical Services did not include possession of a Virgin Islands medical license.

In May, 2002, Sanders began to experience on-the-job harassment such as "staff opposition, threats and other derogatory actions aimed at removing him from the workplace." Compl. at 4.  He observed that the harassment began soon after a ruling against a St. Thomas emergency medical technician ("EMT") in a lawsuit in which Sanders was the named defendant in his official capacity as the Director of Emergency Medical Services.

---

1.  (...continued)
dismiss.  Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004).

2.  The motions include:  Motion to Dismiss Count I; Motion to Dismiss Count II; Motion to Dismiss Counts III, IV, and V; Motion to Dismiss Counts VI and VII; Motion to Dismiss Count VIII; and Renewed Motion to Dismiss Count VI and Renewed Motion to Dismiss Count VII.

On July 29, 2002, the Commissioner of Health "without any explanation notified Plaintiff that she was recommending that Plaintiff be suspended without pay." Id. at 2. Sanders continued to perform his duties and to "take the necessary disciplinary action against EMT[s] who violated policies and procedure and later became disgruntled employees because of [his] attempts to improve the workplace and quality of services provided." Id. at 3. In August, 2002, "a recommendation was made for Plaintiff's termination from employment again with no reason or explanation." Id. at 4. Sanders alleges that his enforcement of Executive Order 233-1979,[3] "particularly as it pertained to the St. Thomas EMTs who were being adversely affected because they did not meet the licensing requirements," "played a significant role" in his suspension and eventual termination. Id. at 3.

Sanders appealed his suspension to the Public Employees Relations Board ("PERB") on January 16, 2003.[4] On February 8,

---

3. Neither party has described the contents of Executive Order 233-1979, nor provided the court with a copy. We note the following explanation of Sanders' actions as Director of Emergency Medical Services from the Public Employees Relations Board's findings of fact in this matter: "Appellant testified that as a result of his actions against EMT[s] on St. John, in response to missing morphine, complaints had been received because local people had been fired. His actions became part of a budget hearing in which Commissioner Matthew[s] testified and was asked about Appellant's actions." Sanders v. Gov't of the V.I. Dept. of Health, PERB-GSA-03-04T, 2 (2008).

4. Sanders states in his complaint that he appealed to the PERB in November, 2002, but the PERB decision states that he filed his appeal on January 16, 2003. Compl. at 4; Sanders, PERB-GSA-03-04T, 1. In his opposition brief Sanders refers to the PERB case
(continued...)

2003, while the appeal was pending, Sanders received a notice of termination. It was dated February 3, 2003 and effective immediately. The letter informed him that he was being terminated because he lacked a Virgin Islands medical license. He was replaced by a person who was not a medical doctor and who, he alleges, did not meet the requirements set forth in the job description. Two years later, on February 2, 2005, Sanders filed the instant action in the United States District Court for the District of the Virgin Islands. Ultimately, the PERB held a hearing on May 24, 2006 and ruled against him on June 30, 2008. Although Sanders did not appeal the PERB decision, he did continue to prosecute his action in this court. He now seeks damages under the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count I); the Virgin Islands Whistleblowers Protection Act, V.I. Code Ann. tit. 10, § 122 & 123 (Count II); and V.I. Code Ann. tit. 3, §§ 530 & 531 (Count V). He also seeks damages for breach of contract (Count III); bad faith and unfair dealing (Count IV); and intentional (Count VI), or in the alternative negligent (Count VII), infliction of emotional distress. In Count VIII Sanders requests punitive damages.

II.

Rule 8 of the Federal Rules of Civil Procedure requires claimants to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion for

---

4. (...continued)
as "pending since January 2003." Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl. at 9.

judgment on the pleadings is subject to the same standard of review as a motion to dismiss.  <u>Mele</u>, 359 F.3d at 253.  To survive a motion to dismiss, a plaintiff must do more than recite "labels and conclusions." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  While detailed factual allegations are not required, a "formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>

Sanders brings Count I under 42 U.S.C. § 1983 for violations of his equal protection rights under the Fifth and Fourteenth Amendments.  Whether or not these amendments apply to the Virgin Islands, the Revised Organic Act provides:  "No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws."  48 U.S.C. § 1561.  To state a claim for an equal protection violation a plaintiff must allege that the defendant(s) intentionally treated him or her differently from similarly situated individuals.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  Although Sanders' complaint is not a model of clarity, he appears to allege that the Virgin Islands Department of Health suspended and terminated him because of his race, which is enough to state a claim for unequal treatment.  We will therefore deny the defendants' motion for judgment on the pleadings for Count I.

In Count II Sanders alleges violations of the Virgin Islands Whistleblowers Protection Act, V.I. Code Ann. tit. 10, §§ 122 & 123.  Under the Act,

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this territory or the United States to a public body unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.

Id. at § 122.  A person alleging a violation of § 122 "may bring a civil action for appropriate injunctive relief, or actual damages, or both, within ninety days after the occurrence of the alleged violation."  Id. at § 123.

Both parties agree that Sanders failed to file his complaint within ninety days.  Sanders has offered no explanation for the delay.  He argues that this court should "apply traditional principles of equity to supercede [the] local statute of limitations" in order to protect his constitutional rights as stated in Count I.  Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl. at 7-8.  We are aware of no case that addresses the issue of superseding the Virgin Islands Whistleblowers Protection Act's statute of limitations.  Even if we had the power to do so, there is no compelling reason to override the statute of limitations as Sanders requests.  We will therefore grant the defendants' motion

for judgment on the pleadings as to Count II for Sanders' failure to file within the statute of limitations.

Counts III, IV, and V all fall under the scope of V.I. Code Ann. tit. 3, §§ 530, 530a & 531 which govern actions taken by the Virgin Islands Government against certain of its employees. In Counts III and IV Sanders alleges breach of contract and breach of the duty of good faith and fair dealing respectively. He alleges that the defendants violated V.I. Code Ann. tit. 3, §§ 530 & 531 in Count V.

Section 531 prohibits employment discrimination in the executive branch of the Virgin Islands government based on "religious or political opinions or affiliations or race, age or sex or national origin in any personnel action" and provides for appeal to the PERB. Id. at § 531. Section 530 describes the administrative remedies available to certain Virgin Islands government employees who contest a dismissal, demotion, or suspension. The parties do not dispute that this section applies to Sanders. Section 530 provides in pertinent part:

> (a) [W]here a department head, of the executive branch of the Government of the Virgin Islands or the executive director or chief executive officer of any agency or instrumentality of the Government ... decides to dismiss, demote, or suspend a regular employee ... for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the department head, the agency head or the chief

>executive officer, as the case may be, and
>the Attorney General.
>
>(b)  The Public Employees Relations Board
>shall meet within 30 days after the filing of
>the appeal and afford the department head and
>the employee an opportunity to be heard ....
>The Board shall render its decision within 14
>days after the termination of the hearing.
>The Board's decision shall be final.  In the
>event the Board fails to meet or render its
>decision within the time or in the manner
>prescribed herein, the employee shall be
>reinstated, with full pay, to the date of his
>original dismissal or suspension.
>
>>....
>
>(f)  If the employee does not appeal to the
>Public Employees Relations Board within the
>time herein prescribed, the department head
>shall forward his recommendation to the
>Governor for final action.

Id. at § 530.  The process for appealing from a decision of the PERB is as follows:

>(a)  Any party aggrieved by any final order
>of the PERB issued under section 530 or 531
>of this chapter, may appeal to the Superior
>Court of the Virgin Islands.  An application
>for review must be filed within 30 days after
>the date of the Final Order and name the PERB
>as a party respondent....  An application not
>filed in a timely manner shall entitle the
>prevailing party or PERB to summary judgment
>enforcing the final order of the PERB.
>
>>....
>
>(d)  The District Court of the Virgin Islands
>shall have appellate jurisdiction of any
>decision of the Superior Court made pursuant
>to this chapter, unless otherwise provided by
>law.

Id. at § 530a.

The defendants argue that this court lacks subject matter jurisdiction over Counts III, IV, and V because Sanders

-8-

failed to exhaust his administrative remedies under § 530a.  They argue that he should have appealed the PERB decision to the Virgin Islands Superior Court within thirty days and that because he failed to do so, the PERB order is final.  Sanders counters that his failure to exhaust should be excused because his attempt to exhaust "was tantamount to an exercise in futility."  Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl. at 9. He points to the PERB's "interminable delay" in considering his case.  Id. at 9 n.2.

Failure to exhaust administrative remedies under § 530a may be excused in limited circumstances:  "(1) when the agency action has been a clear violation o[f] statutory or constitutional rights, (2) when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury, and (3) when exhaustion is futile."  Int'l Ass'n of Firefighters, Local 2125, Local 2832 v. Gov't of V.I., D.C. Civ. App. No. 2003-172, 2007 WL 2900314, *2 (D.V.I. Aug. 13, 2007).  In Sanders' case, the PERB plainly failed to abide by the requirements of § 530.  Under that section, as quoted above, the PERB is to hold a hearing within thirty days of a complaint, and it must issue an order within fourteen days of the hearing.  V.I. Code Ann. tit. 3, § 530(b).  The PERB did not render its final decision in the Sanders matter until more than a month after the hearing and then more than five years after Sanders filed his complaint.  Section 530 allows for extraordinary relief where the PERB does not comply with its mandated timeline:  "In the event

the Board fails to meet or render its decision within the time or in the manner prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension." V.I. Code Ann. tit. 3, § 530(b). Sanders, however, has not sought reinstatement.

The PERB was years late in holding a hearing in the Sanders case. According to its own authorizing statute, the PERB is supposed to act within thirty days of a complaint. V.I. Code Ann. tit. 3, § 530(b). We conclude, that the PERB's failure to do so in this case is a "clear violation o[f] statutory ... rights." Int'l Ass'n of Firefighters, 2007 WL 2900314, at *2. Moreover, the fact that more than two years had elapsed without a PERB hearing by the time Sanders came to this court shows that in his case the "administrative procedures [were] clearly and demonstrably inadequate to prevent irreparable injury" and that appeal to the PERB was "futile." Id. Indeed the PERB did not hear Sanders' case for more than three additional years after his filing with this court. We therefore excuse Sanders' failure to exhaust administrative remedies and will deny the defendants' motion for judgment on the pleadings with respect to Counts III, IV, and V.

In Count VI Sanders alleges intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress a plaintiff must plead facts constituting extreme or outrageous behavior that intentionally or recklessly caused severe emotional distress. Moolenaar v. Atlas Motor Inns,

-10-

Inc., 616 F.2d 87, 89 (3d Cir. 1980); see also V.I. Code Ann. tit. 1, § 1/4.  Although Sanders was upset by the defendants' decision to discharge him, he has not pleaded any facts showing extreme or outrageous behavior that is utterly intolerable in a civilized society.  See Alvarez v. Pueblo Int'l, 24 V.I. 141, 147 (Terr. Ct. 1989).  We will grant the defendants' motion for judgment on the pleadings with respect to Count VI for intentional infliction of emotional distress.

Sanders is likewise unable to state a claim for negligent infliction of emotional distress as alleged in Count VII.  To state a claim for negligent infliction of emotional distress in the Virgin Islands a plaintiff must prove physical harm and foreseeability.  Nicholas v. Wyndham Int'l, Inc., Civ. No. 2001-147, 2007 WL 4201032, at *7 (D.V.I. Nov. 13, 2007).  Sanders has alleged neither.  Thus, we will grant the defendants' motion for judgment on the pleadings for Count VII.

Sanders' last request is for punitive damages.  "In the Virgin Islands to get to a jury on the issue of punitive damages, the plaintiff is required to show that the acts complained of were outrageous, done with evil motive or reckless indifference to his rights."  Justin v. Guardian Ins. Co., Inc., 670 F. Supp. 614, 617 (D.V.I. 1987).  Sanders has pleaded no facts that rise to the level of outrageousness warranting a jury verdict on the question of punitive damages.  We will therefore grant the defendants' motion for judgment on the pleadings for Count VIII.

Accordingly, we will grant in part and deny in part the defendants' motions for judgment on the pleadings, incorrectly denominated motions to dismiss. We will grant the motions for judgment on the pleadings for Counts II, VI, VII, and VIII and we will deny the motion for Counts I, III, IV, and V.