```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

HERBERT SANDERS                  :         CIVIL ACTION
                                 :
          v.                     :
                                 :
GOVERNMENT OF THE VIRGIN         :
ISLANDS, et al.                  :         NO. 05-18
```

MEMORANDUM

Bartle, C.J.                                        March 16, 2009

　　　　Before the court is the motion of defendants Government of the Virgin Islands and the Virgin Islands Health Department for reconsideration of the court's March 9, 2009 Order denying the motion for judgment on the pleadings, incorrectly denominated a motion to dismiss, for Counts III, IV, and V.  A party may file a motion for reconsideration based on (1) an "intervening change in controlling law," (2) the "availability of new evidence," or (3) "the need to correct clear error or prevent manifest injustice."  V.I. Loc. R. Civ. P. 7.3.  Defendants contend that the court's March 9 Order "was/is a clear error of law and a manifest injustice."  Defs.' Br. at 3.

　　　　We denied defendants' motion for judgment on the pleadings for Counts III, IV, and V because the Public Employees Relations Board ("PERB") failed to comply with its own authorizing statute.  Under V.I. Code Ann. tit. 3, § 530(b), the PERB was required to hold a hearing on Sanders' claim within thirty days of his January 16, 2003 complaint, and it should have

rendered its decision fourteen days later.  As of February 2, 2005, more than two years later, when Sanders filed a complaint with this court, the PERB had still done neither.  The statute provides for extraordinary relief in such a circumstance:  "In the event the Board fails to meet or render its decision within the time or in the manner prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension."  Id.  Although Sanders has not sought reinstatement but only his pay, we found the PERB's gross failure to adhere to its mandated timeline reason to excuse Sanders' failure to exhaust administrative remedies.  Int'l Ass'n of Firefighters, Local 2125, Local 2832 v. Gov't of V.I., D.C. Civ. App. No. 2003-172, 2007 WL 2900314, *2 (D.V.I. Aug. 13, 2007).

  Defendants misconceive the instant action as an appeal of the PERB's ruling.  However, Sanders has not come here on appeal.  Rather, this court has independent original subject matter jurisdiction over Sanders' claims based on federal question jurisdiction for Count I, which is brought under 42 U.S.C. § 1983, and supplemental jurisdiction over the local law claims in Counts III, IV, and V.  See 28 U.S.C. §§ 1331, 1367.  The fact the PERB finally rendered a decision in Sanders' case more than five years after he filed a complaint there, and more than three years after he came to this court, does not act retroactively to deprive this court of jurisdiction.  The defendants' assertion that "[t]his Court can assume neither original nor appellate jurisdiction over a matter in which a

-2-

final PERB Order has been entered" is simply wrong.  The Legislature of the Virgin Islands can no more deprive this court of its subject matter jurisdiction than the legislature of any state may do so with respect to a federal court sitting within its borders.  Only Congress has authority to define the scope of the district court's powers.  U.S. Const. art. I, § 8, cl. 9, art. III, § 1; see Act of Sept. 24, 1789, 1 Stat. 73-74.  No act of Congress has been called to out attention enabling the Virgin Islands Legislature to bar this court from hearing plaintiff's claim for relief.

      Accordingly, we will deny the motion for reconsideration.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III    C.J.
SITTING BY DESIGNATION